THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL LAW CENTER ON HOMELESSNESS AND POVERTY<br>1400 16th Street NW, Suite 425<br>Washington, DC 20036,<br><br>    *Plaintiff,*<br> v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530, and<br><br>DEPARTMENT OF JUSTICE<br>OFFICE OF JUSTICE PROGRAMS<br>999 N. Capitol St., NE<br>Washington, DC 20531,<br><br>    *Defendants.* | Case No. 25-3549 |

**COMPLAINT AND PRAYER FOR INJUNCTIVE RELIEF**

 1. Plaintiff National Law Center on Homelessness and Poverty, doing business as, National Homelessness Law Center ("NHLC") brings this action against Defendants Department of Justice ("DOJ") and DOJ Office of Justice Programs ("OJP") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

 2. On June 24, 2025, NHLC requested that the DOJ, produce records relating to the cancellation of more than $800 million in grants on Tuesday, April, 22, 2025, and an eight-question email sent by DOJ to employees in the OJP on the evening of Thursday, April 24, 2025, asking for input on how to best direct federal resources to address issues surrounding homelessness and mental illnesses.

 3. To date, DOJ has not produced any documents to NHLC, nor has it provided NHLC with any information regarding the status of any search or review of documents.

1

4. Accordingly, NHLC seeks an injunction directing the Defendants to comply with FOIA and to search for and produce all responsive documents.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C.(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff National Homelessness Law Center is a not-for-profit section 501(c)(3) organization based in Washington, D.C. NHLC is an organization comprising of a team of attorneys, advocates, and volunteers that works to protect the rights of individuals experiencing homelessness by utilizing the power of law to prevent and address homelessness in the United States. NHLC engages in substantial dissemination of information to the public through its website and other channels.

8. Defendants Department of Justice and Department of Justice Office of Justice Programs are federal agencies within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and are headquartered in Washington, D.C. The OJP is a component of DOJ. DOJ and OJP have possession, custody, and control of records to which NHLC seeks access.

## FACTUAL ALLEGATIONS

9. NHLC submitted a four-part FOIA request to DOJ on June 24, 2025. The first part of the request sought documents or memoranda that represent the DOJ's final decision concerning the subsequent restoration of a portion of the more than $800 million worth of grants to address issues surrounding homelessness and mental illnesses that were canceled on Tuesday, April 22, 2025. This first part of the request encompassed documents that represented the DOJ's final decision or explanation for the funding restorations, including the restoration of funding for

the National Center for Victims of Crime ("NCVC") and Survivors.org on Thursday, April 24, 2025.

10. The second part of the NHLC FOIA request sought all correspondence, meeting notes, and other documents concerning the development of an eight-question email sent by the DOJ to employees in the OJP on the evening of April 24, 2025, asking for their input on how to best direct federal resources to address issues surrounding homelessness and mental illnesses.

11. The third part of the NHLC FOIA request sought all responses received by the DOJ on April 24, 2025, to the eight-question email sent to OJP employees the same day.

12. The fourth and final part of the NHLC FOIA request sought all responses received by the DOJ to the eight-question email after April 24, 2025.

13. NHLC sought a waiver of search and duplicating fees for the FOIA request under 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k), which require waiver of fees if the disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

14. NHLC submitted the FOIA request via email under 28 C.F.R. § 16.3(e).

15. On June 26, 2025, DOJ sent an email to NHLC confirming that it received the FOIA request, assigning it the tracking number EMRUFOIA062425, and referring the request to its component OJP, which received it the same day.

16. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), OJP was required to determine whether to comply with the FOIA request within twenty business days of receipt of the request and to notify NHLC immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

17. Under 5 U.S.C. § 552(a)(6)(B)(i), OJP could extend this deadline if "unusual circumstances," as defined in § 552(a)(6)(B)(iii), existed. In order to extend the twenty-day deadline, OJP was required to send written notice to NHLC setting forth unusual circumstances for the extension and the date on which it expected a determination to be dispatched, with such date being no more than ten working days.

18. On August 7, 2025, OJP sent a letter to NHLC via email. This letter acknowledged that the OJP, Office of General Counsel ("OGC"), had received the FOIA request on June 26, 2025, and assigned it the OJP FOIA No. 25-FOIA-00569. The letter also states that "unusual circumstances" applied, requiring an extension of more than the ten days provided by statute. The OJP letter failed to state the date on which OJP expected a determination to be dispatched or acknowledge NHLC's request for a fee waiver.

19. Including the ten additional days provided by 5 U.S.C. § 552(a)(6)(B)(i), OJP's determination regarding the NHLC FOIA request was due by July 28, 2025.

20. OJP has not provided any additional information to NHLC regarding the FOIA request since the letter of August 7, 2025, nor has it produced any documents in response to the FOIA request.

21. OJP has not advised NHLC of any determination on whether to comply with NHLC's FOIA request, including its request for a fee waiver.

22. Because DOJ and OJP have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i), NHLC is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## CLAIM FOR RELIEF

23. NHLC incorporates the foregoing paragraphs as if fully set forth herein.

24. By failing to respond to NHLC's request within the statutorily mandated time period, DOJ has violated its duties under FOIA, 5 U.S.C. § 552, including but not limited to its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all reasonably segregable nonexempt information, and not to withhold responsive records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff National Homelessness Law Center prays that this Court:

1. order DOJ and OJP to conduct a search for any and all responsive records to NHLC's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of all responsive records;

2. order DOJ and OJP to produce, by a date certain, any and all nonexempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin DOJ and OJP from continuing to withhold any and all nonexempt responsive records;

4. order DOJ and OJP to grant NHLC's request for a fee waiver;

5. award NHLC its attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant NHLC any other relief this Court deems appropriate.

Dated: October 3, 2025

Respectfully submitted,

/s/ *Sareesh Rawat*
Sareesh Rawat (D.C. Bar No. 1720756)
TILLIT LAW PLLC
300 New Jersey Ave NW, Ste 300
Washington, DC 20001
(240) 338-2263
srawat@tillitlawfirm.com
*Counsel for Plaintiff*